UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GERALD J. FOLTYNIAK,

                              Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

**Decision and Order**

19-CV-468-HBS
(Consent)

## I.    INTRODUCTION

The parties have consented to this Court's jurisdiction under 28 U.S.C. § 636(c). The Court has reviewed the Certified Administrative Record in this case (Dkt. No. 6, cited hereafter as "Tr."), and familiarity is presumed. This case comes before the Court on cross-motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. Dkt. Nos. 7, 9. Plaintiff Gerald J. Foltyniak challenges the final decision of the Commissioner of Social Security (the "Commissioner") that he is not entitled to Disability Insurance Benefits under Title II or Supplemental Security Income under Title XVI of the Social Security Act. The Court has deemed the motions submitted on the papers under Rule 78(b).

## II.    LEGAL STANDARD

"The scope of review of a disability determination . . . involves two levels of inquiry. We must first decide whether [the Commissioner] applied the correct legal principles in making the determination. We must then decide whether the determination is supported by substantial evidence." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987) (internal quotation marks and

citations omitted). When a district court reviews a denial of benefits, the Commissioner's findings as to any fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g).

"The phrase 'substantial evidence' is a 'term of art' used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficient evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation and editorial marks and citations omitted). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Id.* Substantial evidence means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*; *see also Tejada v. Apfel*, 167 F.3d 770, 773-74 (2d Cir. 1999).

The substantial evidence standard applies to both findings on basic evidentiary facts and to inferences and conclusions drawn from the facts. *Stupakevich v. Chater*, 907 F. Supp. 632, 637 (E.D.N.Y. 1995); *Smith v. Shalala*, 856 F. Supp. 118, 121 (E.D.N.Y. 1994). When reviewing the Commissioner's decision, the court must determine whether "the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached" by the Commissioner. *Winkelsas v. Apfel*, No. 99-CV-0098H, 2000 WL 575513, at *2 (W.D.N.Y. Feb. 14, 2000). In assessing the substantiality of evidence, the Court must consider evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Briggs v. Callahan*, 139 F.3d 606, 608 (8th Cir. 1998). The Court may not reverse the Commissioner

merely because substantial evidence would have supported the opposite conclusion. *Id.* "The substantial evidence standard means once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise.*" *Brault v. Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks and citations omitted).

For purposes of Social Security disability insurance benefits, a person is disabled when unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. §§ 423(d) (2)(A) & 1382c(a)(3)(B).

Plaintiff bears the initial burden of showing that the claimed impairments will prevent a return to any previous type of employment. *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." *Id.*; *see also Dumas v. Schweiker*, 712 F.2d 1545, 1551 (2d Cir. 1983); *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980).

To determine whether any plaintiff is suffering from a disability, the Administrative Law Judge ("ALJ") must employ a five-step inquiry:

(1) whether the plaintiff is currently working;

(2) whether the plaintiff suffers from a severe impairment;

(3) whether the impairment is listed in Appendix 1 of the relevant regulations;

(4) whether the impairment prevents the plaintiff from continuing past relevant work; and

(5) whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; *Berry*, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, then the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). However, the ALJ has an affirmative duty to develop the record. *Gold v. Secretary*, 463 F.2d 38, 43 (2d Cir. 1972).

To determine whether an admitted impairment prevents a plaintiff from performing past work, the ALJ is required to determine the plaintiff's residual functional capacity ("RFC") and the physical and mental demands of the work done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e). The ALJ must then determine the individual's ability to return to past relevant work given the RFC. *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994).

## III.   DISCUSSION

Foltyniak presents a narrow issue on appeal: he argues that the ALJ erred by crafting the RFC without reliance on any medical opinion. *See* Dkt. No. 7-1 at 9-12. Because the Court

4

agrees, the Commissioner's decision is vacated, and the case is remanded for further proceedings.

In his application for benefits, Foltyniak alleged he had been disabled since January 2012 due to back pain, knee pain, shoulder pain, high blood pressure, and alcohol abuse. Tr. 71-72. In her decision, the ALJ found that Foltyniak had severe impairments of degenerative disc disease, left knee arthritis, and obesity. Tr. 17. As to the RFC determination, the ALJ concluded that Foltyniak could perform medium work with several additional, highly specific restrictions: he could occasionally climb ramps and stairs; could never climb ladders, ropes, or scaffolds; could occasionally stoop, kneel, crouch, and crawl; could occasionally reach overhead; must avoid concentrated exposure to extreme heat, cold, wetness, and humidity; and could never work around unprotected heights or around dangerous machinery. Tr. 20. The ALJ did not rely on any medical opinion to craft the RFC. *See* Tr. 22-24. Indeed, the ALJ afforded "little weight" to the only opinion she referenced in the decision—that of Thomas Taylor, Foltyniak's treating chiropractor. Tr. 23.

The ALJ committed reversible error when she crafted the RFC without the support of a medical opinion. As a layperson, an ALJ "cannot assess a plaintiff's RFC based on [his or her] own interpretation of the medical evidence." *Charland v. Comm'r of Soc. Sec.*, No. 13-CV-492, 2016 WL 1117515, at *2 (N.D.N.Y. Mar. 22, 2016). Put differently, "even though the Commissioner is empowered to make the RFC determination, where the medical findings in the record merely diagnose the claimant's exertional impairments and do not relate those

5

diagnoses to specific residual functional capabilities, the general rule is that the Commissioner may not make the connection himself." *Barnhardt v. Saul*, No. 18-CV-6632, 2020 WL 1330704, at *2 (W.D.N.Y. Mar. 23, 2020). Consequently, an ALJ must normally rely on a medical opinion or other functional assessment from a medical source to translate the plaintiff's medical impairments into specific functional restrictions. *See Spivey v. Comm'r of Soc. Sec.*, 338 F. Supp. 3d 122, 127 (W.D.N.Y. 2018) ("While in some circumstances, an ALJ may make an RFC finding without treating source opinion evidence, the RFC assessment will be sufficient only when the record is clear and contains some useful assessment of the claimant's limitations *from a medical source*." (emphasis added and internal quotation marks omitted)).

The Commissioner does not dispute that the ALJ did not rely on a medical opinion to make the RFC determination. Instead, the Commissioner responds that the ALJ was entitled to render "common sense judgment[s] about functional capacity even without a physician's assessment." Dkt. No. 9-1 at 15. However, that principle applies only where the record shows "relatively little physical impairment." *Palascak v. Colvin*, No. 11-CV-592, 2014 WL 1920510, at *9 (W.D.N.Y. May 14, 2014).

In this case, Folyniak's impairments are not so simple and straightforward as to be susceptible to lay judgment. *See Manso-Pizarro v. Sec'y of Health & Hum. Servs.*, 76 F.3d 15, 17 (1st Cir. 1996) ("[A]n expert's RFC evaluation is ordinarily essential unless the extent of functional loss, and its effect on job performance, would be apparent even to a lay person."). The ALJ herself recognized that Foltyniak has several severe physical impairments—lumbar degenerative

6

disc disease, left knee arthritis, and obesity—which together may manifest in individualized, complex, and interconnected ways. *See Gipps v. Berryhill*, No. 17-CV-1171, 2019 WL 1986518, at *6 (W.D.N.Y. May 6, 2019) (ALJ could not render common sense judgment about RFC where he found that claimant had severe impairments of "cervicalgia, lumbago, headaches/migraines and depression with anxiety"); *Smith v. Comm'r of Soc. Sec.*, No. 19-CV-552S, 2020 WL 3868444, at *4 (W.D.N.Y. July 9, 2020) ("Plaintiff's extensive back injuries, including degenerative disease and compression fractures and deformities along the lumbar and thoracic spine . . . are not minor physical impairments upon which the ALJ could permissibly render a common-sense judgment about their limiting effects . . . .").

Furthermore, the ALJ's own analysis belies any claim that she made straightforward, common sense judgments about Foltyniak's functional capacity. She undertook a thorough evaluation of the medical evidence, assessing an MRI study, treatment notes, X-ray imaging, and physical examination results. *See* Tr. 21-24. The ALJ then proceeded to craft highly specific functional limitations from that medical evidence—a task beyond her role as a layperson. *See, e.g., Agostino v. Comm'r of Soc. Sec.*, No. 18-CV-1391, 2020 WL 95421, at *3 (W.D.N.Y. Jan. 8, 2020) ("It is simply not a common-sense inference that [the claimant's] lumbar and knee problems, in conjunction with her obesity, would render her able to stand for 45 minutes at a time so long as she could sit for one to two minutes. That is a more complex medical determination that requires a level of expertise that the ALJ does not have.").

For these reasons, the Court cannot agree that the ALJ permissibly exercised her

7

common-sense judgment to make the RFC determination. To the contrary, the ALJ erred by undertaking her own assessment of Foltyniak's functional capabilities without the benefit of a medical expert. Accordingly, remand for further proceedings is appropriate. On remand, the Commissioner may "employ one of the several methods available to ensure that there is a competent medical opinion in the record," including by "requesting additional information from a treating physician, obtaining [a] consultative examination, or requesting an opinion from a medical expert." *Brauer v. Comm'r of Soc. Sec.*, No. 17-CV-1288, 2019 WL 3074060, at *6 (W.D.N.Y. July 15, 2019). "This may help to avoid a situation in which the ALJ is left without guidance from a medical source." *Id.*

## IV.  CONCLUSION

For the reasons discussed herein, the Court denies the Commissioner's motion (Dkt. No. 9) and grants Foltyniak's cross-motion (Dkt. No. 7). The Court vacates the Commissioner's final decision and remands the matter for further proceedings consistent with this Decision and Order. The Clerk of Court is directed to close the case.

SO ORDERED.

                                                  */s/ Hugh B. Scott*
                                                  Hon. Hugh B. Scott
                                                  United States Magistrate Judge

DATED: September 30, 2020